1 **Jeremy D. Jass, SBN 279466**
jeremy@jasslaw.com
2 Jass Law
3 4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
4 Telephone: (562) 340-6299
5
6 Attorneys for Plaintiff
CHRISTIAN KIANDRE RUGLEY
7

8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10

11                                              **Case No.: 2:18-CV-8617**

12 CHRISTIAN KIANDRE RUGLEY,
                                                **COMPLAINT FOR DAMAGES**
13

14                              Plaintiff,       Violation of Civil Rights –
                                                Unlawful/Unreasonable Seizure;
15                                              Excessive Force
16                    vs.                        (42 U.S.C. § 1983)
                                                Violation of Cal. Civil Code §52.1
17                                              False Arrest/False Imprisonment
18                                              Assault and Battery
                                                Negligence
19                                              Statutory Liability
20 CITY OF LOS ANGELES; CHACON,                 (Gov't Code § 815.2)
   individually and as Police Officer No.:
21 38388 for the Los Angeles Police
   Department; PEARSON, individually and       **DEMAND FOR JURY TRIAL**
22 as Police Officer No.: 39773 for the Los
23 Angeles Police Department; and DOES 1        (Amount demanded exceeds
   through 50,                                  $25,000)
24
25
26                              Defendants.
27
28

                        **COMPLAINT FOR DAMAGES;**
                        **DEMAND FOR JURY TRIAL**

                                    1

1

## JURISDICTION AND VENUE

2      1.      This Court has original jurisdiction over this action for damages under

3 the laws of the State of California, under 42 U.S.C. § 1983, the United States

4 Constitution and common law principles, to redress a deprivation under color of

5 state law of rights, privileges and immunities secured to Plaintiff by said statutes,

6 and by the First, Fourth, and Fourteenth Amendment of the United States

7 Constitution.

8      2.      Venue is proper in the Court because the parties reside in, and all

9 incidents, events and occurrences giving rise to this action occurred in, the County

10 of Los Angeles, California.

11      3.      On or about October 3, 2017, Plaintiff CHRISTIAN KIANDRE

12 RUGLEY ("RUGLEY" or "Plaintiff"), presented to the City of Los Angeles a

13 Claim for Damages based on the acts, omissions, damages, and injuries herein

14 complained of, pursuant to Government Code § 911.2. On or about April 9, 2018,

15 Defendant City of Los Angeles deposited in the mail a written rejection of

16 Plaintiff's claim.

17

## PARTIES

18      4.      Plaintiff RUGLEY, at all times herein mentioned, was a resident of

19 the County of Los Angeles, State of California.

20      5.      Defendant, City of Los Angeles ("the City"), is an incorporated

21 municipality organized and existing under the laws of the State of California and

22 wholly located within the State of California. At all times herein mentioned,

23 Defendant CITY possessed the power and authority to adopt policies and prescribe

24 rules, regulations and practices affecting the operation of the Los Angeles Police

25 Department, and particularly said Department's Patrol, Internal Investigations,

26 Training and Personnel Divisions and other operations and subdivisions presently

27 unidentified to Plaintiff, and their tactics, methods, practices, customs, and usages

28 related to their dealings with the public, detainment and arrest protocols, the use

1   and deployment of dangerous weapons, the use of force, the powers of arrest by its

2   rank and file, internal investigations, personnel supervision and meaningful records

3   review and maintenance.

4          6.      The Los Angeles Police Department ("the Department") is an

5   operating department of the City.

6          7.      Defendant CHACON ("CHACON") is a Police Officer with the Los

7   Angeles Police Department. He maintained this position at all times relevant to

8   these claims. In doing the things alleged herein, CHACON acted under color of

9   state law, and within the course and scope of his employment.

10         8.      Defendant PEARSON ("PEARSON") is a Police Officer with the Los

11  Angeles Police Department. He maintained this position at all times relevant to

12  these claims. In doing the things alleged herein, PEARSON acted under color of

13  state law, and within the course and scope of his employment.

14         9.      Defendant DOES 1 through 50 are not known or identified at this

15  time.  On information and belief, Plaintiff alleges that each Doe is in some manner

16  responsible for the wrongs alleged herein, and that each such Defendant advised,

17  encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts

18  alleged herein.  When the true names and capacities of said Defendants become

19  known, Plaintiff will seek relief to amend this complaint to show their true

20  identities in place of their fictitious names as DOES 1 through 50. Defendants, and

21  each of them, were the agents, employees and servants of every other Defendant.

22  Defendants acted in the course and scope of said agency, service and employment

23  at all relevant times.

24         10.     At all times herein mentioned, Defendants CHACON, PEARSON,

25  and DOES 1-50, inclusive, and each of them, were employees of the City of Los

26  Angeles and the Los Angeles Police Department.

27         11.     At all times relevant, each individual Defendant was acting within the

28  course and scope of their employment as Police Officers of the CITY, and under

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

3

1    the color of state law, and as the employee, agent and representative of each and

2    every other Defendant.

3         12.    Plaintiff is informed and believes and thereon alleges that each of the

4    Defendants designated as a DOE is intentionally and negligently responsible in

5    some manner for the events and happenings herein referred to, and thereby

6    proximately caused injuries and damages as herein alleged. The true names and

7    capacities of DOES 1 through 50, inclusive, and each of them, are not now known

8    to Plaintiff who therefore sues said Defendants by such fictitious names, and

9    Plaintiff will seek leave to amend this Complaint to show their true names and

10   capacities when the same have been ascertained.

11        13.    Defendants, and each of them, did the acts and omissions hereinafter

12   alleged in bad faith and with knowledge that their conduct violated well

13   established and settled law.

14                        **PRELIMINARY ALLEGATIONS**

15        14.    On April 6, 2017, Plaintiff picked up a friend of his, in his 2007

16   Cadillac DTS and drove to the gas station located at the intersection of Vernon and

17   Western in the City of Los Angeles.

18        15.    Plaintiff backed his vehicle into a parking stall in the gas station

19   parking lot and parked the vehicle.

20        16.    Plaintiff then began looking through his center console for change to

21   make a purchase inside the gas station market.

22        17.    Shortly after Plaintiff parked, and while his head was still down

23   looking for change in his center console, CHACON and PEARSON drove their

24   police vehicle directly in front of Plaintiff's vehicle, blocking him in.

25        18.    CHACON and PEARSON then activated their police lights, and

26   approached Plaintiff.

27        19.    CHACON and/or PEARSON then demanded to see Plaintiff's

28   driver's license.

---

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

20.     Plaintiff responded by asking officers CHACON and PEARSON if he committed a crime or if there was something wrong.

21.     CHACON and/or PEARSON immediately drew his taser, pointed it at Plaintiff, and ordered Plaintiff out of the vehicle.

22.     Plaintiff was confused and asked if CHACON and PEARSON wanted him to get out of the vehicle or to get his driver's license, and they ordered him out of the vehicle.

23.     CHACON and PEARSON told Plaintiff that he was now going to jail, and his vehicle would be impounded. Plaintiff again asked what crime had been committed and told the officers that he does not consent to any searches.

24.     CHACON and/or PEARSON then pushed Plaintiff against a nearby wall and shoved Plaintiff's face into the wall, and handcuffed Plaintiff.

25.     When handcuffing PLAINTIFF, CHACON and/or PEARSON intentionally ratcheted the cuffs down too tight, injuring Plaintiff's wrist.

26.     CHACON and PEARSON proceeded to search Plaintiff and his vehicle without reasonable suspicion, probable cause, consent or a warrant.

27.     CHACON and PEARSON did not find any contraband on Plaintiff or inside his vehicle.

28.     Plaintiff was detained for an unreasonable and prolonged period of time that elevated his detention to an arrest. During this time Plaintiff repeatedly asked why he was being treated like this and CHACON and/or PEARSON responded by telling Plaintiff, "We will tell you when you go to jail."

29.     During his detainment and false arrest Plaintiff asked CHACON and PEARSON for their names and badge numbers. CHACON and/or PEARSON told Plaintiff if he wanted their information he would have to wait for a Sergeant. Plaintiff replied that he did not need to see a Sergeant, he merely wanted CHACON and PEARSON's names and badge numbers.

---

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

5

30.     Sometime later, a Sergeant with the Los Angeles Police Department arrived on scene. Plaintiff asked the Sergeant if he was free to leave, and the Sergeant told Plaintiff he would be free to leave in a few minutes.

31.     The officers then told Plaintiff's friend to leave and took Plaintiff to the back of the police vehicle.

32.     At the rear of the police vehicle PEARSON wrote Plaintiff a citation for not having his driver's license or insurance, despite Plaintiff's insistence that those items were in his vehicle.

33.     Plaintiff was later charged with violating Vehicle Code Sections 12951(A) – Driver's License Not in Possession and 16028(A) – No Proof of Insurance Upon Request. Those charges were later dismissed when Plaintiff provided the Court with proof that he did in fact have a valid driver's license and insurance.

34.     Plaintiff later required treatment from his regular healthcare provider to treat the wrist injuries he suffered at the hands of CHACON and PEARSON.

35.     Due to Defendants unreasonable actions, Plaintiff has suffered physical injuries, including but not limited to, injuries to his wrists.

36.     At the time he was wrongfully detained, arrested, assaulted and battered, Plaintiff was unarmed, defenseless, and made no furtive movements or gestures whatsoever.

37.     The Defendants' treatment of Plaintiff caused him to suffer fear  of physical injury, fear of retaliation, fear of law enforcement, and fear of authority. In addition to his physical injuries, Plaintiff also suffers from mental suffering, physical impairment, inconvenience, anxiety, humiliation, and emotional distress.

38.     Defendants, and each of them, acted under color of state law as law enforcement officers of the Los Angeles Police Department.

39.     The Defendants' actions were reckless, callous, and deliberately indifferent to the Plaintiff's federal and state protected rights.

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

**INCORPORATION BY REFERENCE**

40.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 39, inclusive, of this Complaint, and by this reference incorporates the same into each cause of action herein.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –**

**Unlawful/Unreasonable Seizure; Excessive Force)**

**Against Defendants CHACON, PEARSON, and DOES 1-25, inclusive.**

41.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law and within the course and scope of their employment, Defendants CHACON, PEARSON, and DOES 1 through 25 and each of them, intentionally and maliciously deprived Plaintiff of his rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable, unnecessary and excessive force during his arrest even though no strong government interest compelled the need for the officers to detain, arrest, use force, including but not limited to doing the following:

        a.     Defendants used force even though Plaintiff had not committed a crime, and even though he did not pose a threat of to the officers or to others;

        b.     Defendants detained Plaintiff without reasonable suspicion, probable cause, consent or a warrant; and this detention was for a prolonged period of time elevating the detention to an arrest.

        c.     Plaintiff had not committed any crime, and did not and could not have posed a threat to Defendants because he was complying with their orders by exiting the car and moving to where the Defendants had commanded him to. Further, when Plaintiff was handcuffed too tight he was in a position of submission, posed no threat, was not suspected of

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

1   committing any crime, let alone a violent or dangerous crime, and had no

2   weapon in his possession or on his person justifying the use of force against

3   him.

4           f.     Defendants CHACON and/or PEARSON, and DOES 1-25 and

5   close enough to intercede and prevent the other from violating Plaintiff's

6   constitutional rights; however, they each elected to stand-by and watch each

7   other violate Plaintiff's federal and state protected rights.

8          42.    At all times during the events described herein, Defendants

9   CHACON, PEARSON, and DOES 1 through 25 and each of them assisted each

10  other in performing the various action described and lent their physical presence

11  and support and authority of their office to each other during the event.

12         43.    The unreasonable use of force by Defendants CHACON, PEARSON,

13  and DOES 1 through 25 and each of them, deprived Plaintiff of his right to be

14  secure in his person against unreasonable searches and seizures as guaranteed to

15  Plaintiff under the Fourth Amendment to the United States Constitution and

16  applied to state actors by the Fourteenth Amendment.

17         44.    As a legal result of Defendants' acts and omissions as described,

18  Plaintiff suffered pain and suffering. Plaintiff suffered physical injuries, mental

19  suffering, and incurred medical bills for health care services necessary to treat

20  those injuries. Plaintiff continues to experience pain and suffering from the injuries

21  he sustained at the hands of Defendants.

22         45.    The aforementioned acts and omissions of Defendants were

23  committed by each of them knowingly, willfully and maliciously, with the intent to

24  harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of

25  Plaintiff's constitutional rights and conscious and deliberate indifference to the risk

26  of injury to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary

27  damages from Defendants, and each of them, in an amount as proved.

28

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

## SECOND CAUSE OF ACTION

## (VIOLATION OF CAL. CIVIL CODE § 52.1)

### Against Defendants CHACON, PEARSON, and

### DOES 1 through 25, inclusive.

46.    The actions of Defendants CHACON, PEARSON, and DOES 1 through 25, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiff of the rights secure to him by the Constitution and laws of the United States, and the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1. Said actions included using force and violence upon plaintiff to get him to submit to said Defendants false arrest/false imprisonment of Plaintiff.

47.    Defendants CHACON, PEARSON, and DOES 1 through 25, inclusive, are liable to Plaintiff for said violations of their Constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §8815.2(a), 815.6, 820, 820.8.

48.    As a legal result of Defendants' acts and omissions as described, Plaintiff suffered pain and suffering. Plaintiff suffered physical injuries, mental suffering, and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants.

49.    The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and conscious and deliberate indifference to the risk of injury to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

50.     In addition, as a legal result of Defendants' acts and omissions as described, Defendants committed a violation of California Civil Code §52.1, and, therefore, Plaintiff is entitled to an award of treble compensatory damages against Defendants, and each of them.

## THIRD CAUSE OF ACTION

### (FALSE ARREST/FALSE IMPRISONMENT)

### Under California State Law

**Against Defendant CHACON, PEARSON, and DOES 1 through 25, inclusive.**

51.     At or about the dates, time and places alleged herein, Defendants CHACON, PEARSON, and DOES 1 through 25, did not have probable cause or reasonable suspicion to believe that Plaintiff had committed a crime.

52.     Defendants CHACON, PEARSON, and DOES 1 through 25, detained, restrained, and deprived Plaintiff of his liberty.

53.     Defendants CHACON, PEARSON, and DOES 1 through 25, intentionally deprived Plaintiff of his freedom of movement by use of physical force and violence.

54.     Plaintiff did not consent to said deprivation of his freedom of movement by Defendants CHACON, PEARSON, and DOES 1 through 25, or to the use of force and violence upon him.

55.     As a legal result of Defendants CHACON, PEARSON, and DOES 1 through 25, acts and omissions as heretofore described, Plaintiff suffered harm.

56.     The actions committed by Defendants CHACON, PEARSON, and DOES 1 through 25, as heretofore described, constituted a false arrest/false imprisonment of Plaintiff under California state law.

57.     Defendants CHACON, PEARSON, and DOES 1 through 25, and each of them, are liable to Plaintiff for said false arrest/false imprisonment, pursuant to Cal. Government Code §§ §8815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common-law.

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

58.     As a legal result of Defendants' acts and omissions as described, Plaintiff suffered pain and suffering. Plaintiff suffered physical injuries, mental suffering, and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants.

59.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and conscious and deliberate indifference to the risk of injury to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

## FOURTH CAUSE OF ACTION

### (ASSAULT AND BATTERY)

**Under California State Law**

**Against Defendant CHACON, PEARSON and DOES 1 through 25, inclusive.**

60.     At or about the dates, time and places alleged herein, Defendants CHACON, PEARSON, and DOES 1 through 25, without provocation, warrant, necessity, or legal justification, assaulted and battered Plaintiff by pushing Plaintiff against a wall, shoving his face into the wall, handcuffing Plaintiff too tight, and did subject Plaintiff to verbal threats and unnecessary, unreasonable and excessive force and violence, thereby causing Plaintiff's injuries as herein described.

61.     As a legal result of Defendants CHACON, PEARSON, and DOES 1 through 25, acts and omissions as heretofore described, Plaintiff suffered physical and mental injuries and incurred medical bills for health care services necessary to treat those injuries.

62.     Defendants CHACON, PEARSON, and DOES 1 through 25, and each of them, while acting under color of state law and in the course and scope of their employment committed the aforementioned acts and omissions knowingly,

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

1   willfully and maliciously, and with the intent to harm, injure, vex, harass and

2   oppress Plaintiff with conscious disregard to Plaintiff's known rights and

3   deliberate indifference to the risk of injury to Plaintiff. By reason thereof, Plaintiff

4   seeks punitive and exemplary damages from Defendants individually, in an amount

5   according to proof.

6   **FIFTH CAUSE OF ACTION**

7   **(NEGLIGENCE)**

8   **Against Defendants CHACON, PEARSON, and DOES 1-50, inclusive.**

9       63.    On or about the dates, time and places alleged herein, Defendants

10  CHACON, PEARSON, and DOES 1 through 50, inclusive, were charged with the

11  duty to protect and serve the citizens of Los Angeles, including ensuring their

12  safety. Plaintiff is informed and believes that Defendants had received training as

13  police officers to use good judgment and use sound and reasonable police practices

14  toward that end. Defendants also owed the public, including Plaintiff, the duty to

15  not cause harm.

16      64.    Defendants CHACON, PEARSON, and DOES 1 through 50,

17  inclusive, and each of them, breached these duties by injuring Plaintiff while acting

18  under color of state law and in the course and scope of their employment, and in

19  doing so they negligently, carelessly and/or recklessly failed to employ reason and

20  restraint, effective communication techniques, proper control holds and

21  handcuffing techniques, and other similar methods inherent in their employment

22  and training that were available to them, to ensure Plaintiff's safety. To wit,

23  Defendants CHACON, PEARSON, and DOES 1 through 25 used improper tactics

24  against Plaintiff and escalated the need to use force, and increased the use of force

25  under situations likely to exacerbate the situation instead of controlling it and

26  protecting Plaintiff's safety.

27      65.    As a legal result of Defendants' acts and omissions as heretofore

28  described, Plaintiff was injured.

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

1    66.    As a legal result of Defendants' acts and omissions as heretofore

2  described, Plaintiff suffered physical and mental injuries and incurred medical bills

3  for health care services necessary to treat those injuries.

4    67.    Defendants, and each of them, committed the aforementioned acts and

5  omissions knowingly, willfully and maliciously, and with the intent to harm,

6  injure, vex, harass and oppress Plaintiff with conscious disregard to Plaintiff's

7  known rights and deliberate indifference to the risk of injury to Plaintiff. By reason

8  thereof, Plaintiff seeks punitive and exemplary damages from Defendants

9  individually, in an amount according to proof.

10                          **SIXTH CAUSE OF ACTION**

11            **(PUBLIC ENTITY LIABILITY – GOV'T CODE § 815.2)**

12                          **Against Defendant CITY.**

13    68.    The CITY is liable for injuries proximately caused by acts or

14  omissions by its employees while acting within the course and scope of their

15  employment if the act or omission would have given rise to a cause of action

16  against that employee of his personal representative. *Gov't Code* § 815.2.

17    69.    On or about the dates, time and places alleged herein, Defendants

18  CHACON, PEARSON, and DOES 1 through 50, inclusive, while acting in the

19  course and scope of their employment as Los Angeles Police Officers, and under

20  color of state law, did commit the acts and omissions described above.

21    70.    Defendants' acts and omissions as heretofore described, proximately

22  caused Plaintiff's serious injuries. Plaintiff incurred medical bills for health care

23  services necessary to treat those injuries.

24    71.    Accordingly, the CITY is liable to Plaintiff, for his injuries, for each

25  and every act and omission listed above that proximately caused said injuries. By

26  reason thereof, Plaintiff seeks special and general damages from Defendant CITY,

27  in an amount according to proof.

28  //

---

**COMPLAINT FOR DAMAGES;**
**DEMAND FOR JURY TRIAL**

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.    For General damages according to proof;

2.    For Special damages according to proof;

3.    For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant; except CITY.

4.    For Attorney's Fees pursuant to 42 U.S.C. § 1988;

5.    For Costs of suit;

6.    For such other and further relief as the Court may deem proper.


Dated:  October 5, 2018                Jass Law


                                       _/s/ Jeremy Jass_____
                                       Jeremy Jass
                                       *Attorneys for Plaintiff*,
                                       CHRISTIAN KIANDRE RUGLEY

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

14

1

## DEMAND FOR JURY TRIAL

2      Plaintiff CHRISTIAN KIANDRE RUGLEY hereby demands a trial by jury.

3

4      Dated:  October 5, 2018                    Jass Law

5

6                                                        _/s/ Jeremy Jass_
                                                        Jeremy Jass
7                                                        *Attorneys for Plaintiff*,
                                                        CHRISTIAN KIANDRE RUGLEY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT FOR DAMAGES;
## DEMAND FOR JURY TRIAL

15